UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL PEREZ, | : |
| Petitioner, | : Civ. No. 12-5300 (RBK) |
| v. | : **OPINION** |
| DONNA ZICKEFOOSE, | : |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a former federal prisoner who was previously incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the Bureau of Prisons' decision finding him ineligible for the early release incentive associated with successful completion of the Bureau of Prisons' Residential Drug Abuse Program. For the following reasons, the habeas petition shall be dismissed as moot.

## II. BACKGROUND

Petitioner filed his federal habeas petition in August, 2012. He claims that the Bureau of Prisons erred when it found him ineligible for the early release incentive associated with completed the Bureau's Residential Drug Abuse Program. That decision was based upon petitioner's prior 1985 conviction in Connecticut of attempted robbery and aggravated assault. Petitioner requests that this Court make a determination that he is deemed eligible for the early release incentive.

1

After respondent answered the habeas petition, petitioner was released from federal custody on October 3, 2013, *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=angel&Middle=&LastName=perez&Race=U&Sex=U&Age=&x=70&y=23 (last visited November 19, 2013); *see also Walsh v. Zickefoose*, No. 12-3961, 2013 WL 504600, at *6 (D.N.J. Feb. 8, 2013) (taking judicial notice of federal prisoner's projected release date from inmate locator website); *Obi v. Hogsten*, No. 05-2531, 2006 WL 42175, at *1 n.2 (M.D. Pa. Jan. 6, 2006) (taking judicial notice of prisoner's release date from Bureau of Prisons inmate locator website). On November 21, 2013, the Court issued an order to show cause. Petitioner was ordered to show cause why his habeas petition should not be dismissed as moot in light of his release from federal prison. Petitioner has not responded to the order to show cause.

### III. ANALYSIS

At the outset, it is worth noting that the issue of whether petitioner's habeas petition is moot is raised *sua sponte*. *See Chong v. Dist. Dir., Immigration & Naturalization Serv.*, 264 F.3d 378, 383 (3d Cir. 2001) ("Although the parties did not raise the case or controversy issue in their original briefs, we must resolve the issue because it implicates our jurisdiction.") (citing *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978); *Rogin v. Bensalem Twp.*, 616 F.2d 680, 684 (3d Cir. 1980)); *Paz v. Zickefoose*, No. 12-2114, 2013 WL 5973188, at *2 (D.N.J. Nov. 8, 2013) ("A court may dismiss a case *sua sponte* on grounds of mootness.") (citing *New Jersey Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 30 (3d Cir. 1985)). As the Third Circuit has noted:

> Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be

> threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984); *Valley Forge Christian Coll. v. Americans United For Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies "admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937).
>
> The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome. *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer* [*v. Kemma*], 523 U.S. [1,] 7 [(1998))] (quoting *Lewis*, 494 U.S. at 477). Incarceration satisfies the case or controversy requirement; it is a concrete injury caused by a conviction and likely to be redressed by invalidation of the conviction. *Id. Once a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue. Id.*

*Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added). While collateral consequences are presumed when the petitioner is attacking his conviction while still serving the sentence imposed for that conviction, when a petitioner "is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." *See id.* at 148 (citing *United States v. Cottman*, 142 F.3d 160, 165 (3d Cir. 1998)). Indeed, "a petitioner may still avoid a finding of mootness if he can show a continuing injury, or collateral consequence, that is sufficient." *Id.*

In *Burkey*, the petitioner challenged the Bureau of Prisons' execution of his sentence; specifically, he challenged the Bureau of Prisons' determination that he was not eligible for early

3

release under 18 U.S.C. § 3621(e)(2)(B).[1]  *See Burkey*, 556 F.3d at 145. Ultimately, the Third Circuit affirmed the District Court's dismissal of Burkey's habeas petition as moot. *See id.* at 151. The Third Circuit held that that delayed commencement of a term of supervised release is insufficient for mootness purposes given petitioner's release from custody. *See id.* at 148.

In this case, as in *Burkey*, petitioner must demonstrate that collateral consequences exist as he has already served his sentence, yet he is challenging whether the Bureau of Prisons improperly denied him of the benefit set out in 18 U.S.C. § 3621(e)(2)(B).   As previously stated, petitioner never responded to the order to show cause, and, thus, has not demonstrated that collateral consequences remain with respect to how the Bureau of Prisons executed his now expired sentence. As collateral consequences are not presumed, petitioner fails to show that he has an ongoing case or controversy. His habeas petition challenges the execution of his sentence, yet he has now been released from federal incarceration.   Because there is no case or controversy as petitioner has not shown collateral consequences, the habeas petition is now moot. *Accord Febonio v. Marberry*, No. 07-199, 2009 WL 1684657, at *2 (W.D. Pa. June 16, 2009) (dismissing as moot habeas petition that challenged Bureau of Prisons' execution of sentence as petitioner was released from custody and any purported delay in commencement of term of supervised release is not a sufficient continuing injury to avoid a finding of mootness) (citing *Burkey*, 556 F.3d at 147-51).

---

[1] Section 3621(e)(2)(B) states that, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 2621(e)(2)(B).

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed as moot. An appropriate order will be entered.


DATED: January 5, 2014                                            s/Robert B. Kugler
                                                                                                     ROBERT B. KUGLER
                                                                                                     United States District Judge